**Abatement Order filed January 31, 2023.**



In The

# Fourteenth Court of Appeals
———————

## NO. 14-22-00905-CV
———————

### SELVA KUMAR, Appellant

### V.

### COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORP, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2017-55427**

---

### ABATEMENT ORDER

This is an appeal from a judgment signed August 16, 2022. The record reflects that when the judgment was signed, appellant was represented by counsel. However, on October 13, 2022, appellant filed a pro se motion to reinstate the case pursuant to Texas Rule of Civil Procedure 165a. Appellant subsequently filed a notice of appeal on November 30, 2022.

As the record reflected this court may lack jurisdiction over the appeal both due to the apparent untimeliness of the motion to reinstate the case and the apparent untimeliness of the notice of appeal, this court informed the parties the

appeal was subject to dismissal unless any party showed meritorious grounds for continuing the appeal.

Appellant's pro se response, filed December 28, 2022, asserts among other things that he only received notice of the underlying judgment on October 8, 2022, which was 53 days after the judgment was signed. Appellant's argument implicates Texas Rule of Appellate Procedure 4.2(a), which concerns computing time in circumstances where a party has been given later notice of a trial court's judgment in a civil case:

> If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

Tex. R. App. P. 4.2(a). The procedure for gaining additional time is governed by Texas Rule of Civil Procedure 306a(5). Tex. R. App. P. 4.2(b). In relevant part, Rule 306a(5) states the following.

> [T]he party adversely affected [by the lack of notice] is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a(5). After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed. Tex. R. App. P. 4.2(c); *see also LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.]

2015, no pet.) (noting the date of notice or actual knowledge must be established by competent proof and included in written order signed by trial judge).

Accordingly we ABATE this appeal and remand to the trial court for a hearing and signing of an order finding the dates when appellant and his counsel first either received notice or acquired actual knowledge that the trial court's judgment was signed. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court by **March 2, 2023**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Bourliot and Wilson.